J-S70038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BILLY ALLEN VAN-ARSDALE | : | |
| | : | |
| Appellant | : | No. 701 MDA 2017 |

Appeal from the PCRA Order March 28, 2017
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000678-2010

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.: **FILED JANUARY 17, 2018**

Billy Allen Van-Arsdale appeals from the order entered March 28, 2017, in the Court of Common Pleas of Adams County, that dismissed as untimely his second petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.[1] Van-Arsdale seeks relief from the judgment of sentence of 14 years and 9 months' to 30 years' imprisonment, after he was convicted in a non-jury trial of 17 counts of indecent deviate sexual intercourse and other sexual related crimes. Van-Arsdale contends the PCRA court erred in (1) dismissing his PCRA petition for lack of jurisdiction, and (2) finding his issues waived. Based upon the following, we affirm.

---

[1] For this second PCRA petition, the PCRA court appointed counsel to represent Van-Arsdale.

The PCRA court has thoroughly set forth the facts and procedural history relevant to this appeal and therefore we discuss only the facts necessary to our discussion. *See* PCRA Court Opinion, 3/28/2017, at 1-6.

Van-Ardsale was sentenced on June 2, 2011. No post sentence motion or appeal was filed. Sentencing counsel, who entered his appearance after Van-Arsdale's trial, filed a timely PCRA petition on behalf of Van-Arsdale. This first PCRA petition was denied on August 8, 2013, and Van-Arsdale filed a *pro se, nunc pro tunc* appeal on March 10, 2014. This Court, by order of April 28, 2014, directed the PCRA court to conduct a hearing to determine whether Van-Arsdale had been abandoned in his PCRA appeal. On May 15, 2014, the PCRA court found abandonment and directed the appointment of new PCRA counsel. The PCRA court allowed Van-Arsdale to pursue his appeal of the denial of his PCRA Petition and directed newly-appointed PCRA counsel to file a Pa.R.A.P. 1925(b) concise statement. Thereafter, appointed PCRA counsel filed a concise statement, identifying the matters complained of on appeal. On January 30, 2015, this Court affirmed the PCRA court's denial of PCRA relief, and the Pennsylvania Supreme Court denied allowance of appeal on September 23, 2015. *See Commonwealth v. Van-Arsdale*, 118 A.3d 459 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 125 A.3d 777 (Pa. 2015).

Van-Arsdale filed his second PCRA petition *pro se* on April 11, 2016, asserting claims of trial court error, ineffectiveness of counsel, and illegal

sentence. The PCRA court appointed counsel to represent Van-Arsdale. Thereafter, appointed counsel filed an amended second PCRA petition, alleging ineffectiveness of sentencing counsel for pursuing PCRA relief, and not a direct appeal. *See* Van-Arsdale's Second Amended Petition, 11/14/2016, at ¶17. On January 10, 2017, the PCRA court issued Rule 907 notice of intent to dismiss, and both parties filed a response thereto. On March 28, 2017, the PCRA court dismissed the petition without a hearing. This appeal followed.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Cox*, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).

Although Van-Arsdale presents two claims in his brief, the only issue preserved by Van-Arsdale's Pa.R.A.P. 1925(b) statement is the issue of jurisdiction. Specifically, in the concise statement Van-Arsdale asserts:

> [T]he Court committed an error of law in dismissing [Van-Arsdale's] PCRA Petition for the following reasons [sic]:
>
> 1. Abuse of [d]iscretion and error of law in finding that the court lacked jurisdiction to entertain [Van-Arsdale's] petition under the unique factual circumstances of [Van-Arsdale's] case.

Van-Arsdale's Concise Statement, 5/22/2017.

Upon our review of the record, Van-Ardsdale's brief, and the relevant statutes and case law, we conclude the PCRA court properly determined the petition was untimely and therefore the court lacked jurisdiction. *See* PCRA Court Opinion, 3/28/2017, at 6-11 (finding: (1) Van-Arsdale's judgment of

sentence became final on July 2, 2011, 30 days after sentencing, when no direct appeal was filed, (2) the fact that Van-Arsdale's appeal rights were reinstated **in the context of a PCRA appeal**, does not render Van-Arsdale's present petition a first, timely PCRA petition, (3) the present, second PCRA petition is patently untimely, (4) Van-Arsdale's allegation of sentencing counsel's abandonment does not trigger the unknown facts exception, 42 Pa.C.S. § 9545(b)(1)(ii), because the instant petition was not filed "within 60 days of the date the claim could have been presented," as required by 42 Pa.C.S. § 9545(b)(2),[2] and (5) time for filing a PCRA petition cannot be extended for equitable reasons).

We agree with the PCRA court's analysis and conclude no further discussion is warranted. Accordingly, we affirm the dismissal of Van-Arsdale's second PCRA petition based upon the PCRA court's March 28, 2017 opinion, pages 1-11.[3]

Order affirmed.

_____

[2] As pointedly put by the PCRA court, the PCRA court, by order of May 15, 2014, found that counsel abandoned Van-Arsdale in his appeal from the denial of his first PCRA petition. Thereafter, Van-Arsdale's first PCRA petition was resolved when the Pennsylvania Supreme Court denied allowance of appeal on September 23, 2015. However, despite the May 15, 2014 finding of abandonment, and the resolution of the first PCRA appeal by the Pennsylvania Supreme Court on September 23, 2015, the issue of sentencing counsel's abandonment by filing a PCRA petition rather than a direct appeal was not raised until this second petition was filed in April, 2016.

[3] In the event of further proceedings, the parties are directed to attach a copy of the PCRA court's opinion to this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/17/2018</u>

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA          CP-01-CR-678-2010

VS.

BILLY ALLEN VAN ARSDALE

## OPINION

Before the Court for consideration is the second P.C.R.A. Petition of Billy Allen Van Arsdale ("Defendant") challenging the effectiveness of first P.C.R.A. counsel. As the procedural history is partially controlling of the resolution, it will briefly be summarized.

By criminal complaint filed on June 25, 2010, Defendant was charged with 17 counts of indecent deviate sexual intercourse (18 Pa. C.S.A. § 3123) and several other sexual related crimes for conduct alleged to have been committed with a juvenile female on numerous occasions between June, 2007, and January, 2010. The complaint alleged the juvenile victim was 13 years old at the time the conduct commenced. Defendant promptly retained private counsel who represented him through the preliminary hearing. At the time of Defendant's formal arraignment on August 18, 2010, Public Defender Kristin Rice ("trial counsel") entered her appearance on behalf of the Defendant. After resolution of pre-trial issues, Defendant waived his right to a jury trial on December 6, 2010. He was subsequently convicted of all charges following a non-jury trial held on December 15, 2010. Prior to sentencing, the Defendant was referred to the Pennsylvania State Board of Sexual Offenders to determine whether or not he qualified as a violent sexual predator. On February 14, 2011, the Commonwealth provided notice pursuant to 42 Pa. C.S.A. §

9795.4 of their intent to have the Defendant classified as a sexually violent predator. Sentencing was scheduled for March 24, 2011. On March 2, 2011, trial counsel moved to withdraw as counsel and privately hired counsel, John Elbert, Esquire ("sentencing counsel"), entered appearance on behalf of the Defendant. Following the entry of appearance by sentencing counsel, and pursuant to the request of both parties, sentencing was continued to April 21, 2011. At that time, after hearing, the Court determined Defendant to be a sexually violent predator. With the agreement of the parties, sentencing was rescheduled to May 12, 2011. At the request of defense counsel, sentencing was again rescheduled to May 19, 2011. Due to medical emergency concerning sentencing counsel, sentencing was rescheduled to June 2, 2011 at which time Defendant was sentenced to an aggregate sentence on all counts of no less than 14 years and nine months nor more than 30 years in a state correctional institution. Despite being advised of his post-sentence rights on the record, Defendant did not file post-sentence motions or direct appeal following sentencing.

Defendant, still represented by sentencing counsel, timely filed a P.C.R.A. Petition. A pre-hearing conference on the Petition was scheduled and, after numerous continuance requests granted to Defendant, was held on March 25, 2013. At conference, the Defendant identified three issues for hearing: (1) voluntariness of his waiver of jury trial; (2) ineffectiveness of trial counsel in failing to properly raise an available alibi defense; and (3) ineffectiveness of trial counsel in not properly preparing for trial. By Amended Petition filed on May 1, 2013, Defendant withdrew his challenge to the voluntariness of his jury trial waiver however added an additional

2

allegation of trial counsel ineffectiveness in failing to present available character evidence. Following hearing, on August 8, 2013, the Court denied Defendant's P.C.R.A. Petition.

On March 10, 2014, Defendant filed a *pro se* Nunc Pro Tunc Notice of Appeal with the Superior Court. Noting Defendant was still represented by sentencing counsel, the Superior Court directed this Court to conduct hearing to determine whether or not Defendant had been abandoned on appeal. On May 15, 2014, this Court determined Defendant had been abandoned by sentencing counsel on appeal and reinstated Defendant's right to appeal the dismissal of his P.C.R.A. Petition. Additionally, the Court appointed new counsel ("P.C.R.A. counsel") to represent the Defendant's interests in the appeal of dismissal of his P.C.R.A. Petition. Appeal was subsequently perfected. In his appeal, Defendant alleged trial court error in dismissing his claim that trial counsel was ineffective in failing to properly present an alibi defense. Defendant also resurrected his claim related to jury trial waiver however phrased the issue as one related to the ineffectiveness of trial counsel. Finally, Defendant raised three issues concerning sentencing counsel's performance. By Memorandum Opinion filed January 30, 2015, the Superior Court affirmed this Court. In doing so, the Superior Court held the ineffectiveness claims related to waiver of jury trial and sentencing counsel's stewardship were waived. Defendant's Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court on September 23, 2015.

3

On April 11, 2016, Defendant filed, *pro se*, a second Petition for Post Conviction Collateral Relief. In his Petition, Defendant raises a number of issues as follows:

1.) Did counsel improperly influence Defendant to waive his right to a jury trial;

2.) Was counsel ineffective in allowing "over sentencing" to occur;

3.) Did the court abuse its discretion in allowing Defendant to appear in a non-jury trial in prison clothing;

4.) Was the trial court biased due to being aware of a polygraph examination;

5.) Did the trial judge err by failing to recuse himself due to knowledge of the polygraph examination;

6.) Did the prosecuting Pennsylvania state trooper commit perjury;

7.) Was the polygraph examination conducted "legally";

8.) Did the arresting trooper falsify the affidavit of probable cause accompanying the complaint;

9.) Did the affidavit of probable cause contain information which was not proven at trial;

10.) Did the report completed by the Pennsylvania State Board of Sexual Offenders improperly rely upon a "falsified" affidavit;

11.) "Was the Defendant found guilty on every charge or was it just done by hearsay evidence?";

12.) The Defendant's sentence was illegal;

13.) Was counsel ineffective for not fighting for his appellate rights; and

14.) Was trial court biased by indicating that factual resolution involves "matters of credibility."

In regard to the ineffectiveness claims, Defendant did not specifically identify responsible counsel

4

In order to help focus Defendant's issues, second P.C.R.A. counsel was appointed to represent the Defendant. A pre-hearing conference was conducted on August 18, 2016 at which Defendant appeared through video conferencing. At conference, the Commonwealth questioned this Court's jurisdiction in light of the timeliness of the Petition. In addition, in order to clearly identify which claims of ineffectiveness Defendant was raising against which counsel, Defendant was granted until November 14, 2016 to file an amended second P.C.R.A. petition. In the timely filed Amended Second Petition, Defendant targeted all claims of ineffectiveness against sentencing counsel claiming sentencing counsel was "ineffective in failing to raise the trial errors identified in Defendant's *pro se* second Amended Petition." See Amended P.C.R.A. Petition, paragraph 17. Defendant, in his Amended Second Petition, does not allege ineffectiveness of any other counsel.

At a second pre-hearing conference held on November 17, 2016, Defendant confirmed the issues he intended to pursue as being solely related to the ineffectiveness of sentencing counsel in failing to raise the following issues on direct appeal:

1.) Failure of the trial judge to recuse himself on the basis that he was the judge who conducted a pre-trial suppression hearing exposing him to information inadmissible at non-jury trial;

2.) Trial court error in permitting Defendant to appear at non-jury trial in prison clothing;

3.) Imposition of an excessive sentence;

4.) Failure to suppress an illegally obtained statement from the Defendant on the basis that it was a custodial interview due to two troopers being in the room at the time of the statement and on the second basis that the Defendant did not sign any documents;

5

5.)      Allegations in the affidavit of probable cause supporting the criminal complaint were falsified; and

6.)      The Defendant involuntarily waived his right to a jury trial.

By Order dated January 10, 2017, the Defendant was provided notice of the Court's intent to dismiss his second P.C.R.A. Petition without hearing on the basis the Court lacks jurisdiction pursuant to 42 Pa. C.S.A. § 9545; the issues raised by the Defendant have been previously litigated or waived pursuant to 42 Pa. C.S.A. § 9544; and the issues raised by the Defendant do not require factual development and lack legal merit. The Defendant was granted 30 days within which to show cause why the Petition should not be dismissed without hearing. Following Memorandum received from both parties, and for the reasons set forth below, Defendant's second P.C.R.A. Petition will be dismissed.

Initially, the issue of jurisdiction must be resolved. The Commonwealth argues that the Post Conviction Relief Act requires any petition, including a second or subsequent petition, to be filed within one year of the date of final judgment unless an exception, none of which are currently applicable, exists. 42 Pa. C.S.A. § 9545(b)(1). The Commonwealth points out that since Defendant did not file a direct appeal, final judgment was entered on July 2, 2011 which is 30 days following his date of sentencing. Because the second P.C.R.A. Petition was not filed until April 11, 2016, and Defendant has not alleged an exception to the timeliness requirements, Commonwealth argues that pursuant to the provisions of the act, this Court lacks jurisdiction.

6

Defendant argues that due to his appeal rights being reinstated nunc pro tunc, the jurisdictional time limit within which to file a P.C.R.A. petition did not commence until after appellate review had concluded. Although not specifically identified, presumably Defendant is referring to the Pennsylvania Supreme Court's denial of his Petition for Allowance of Appeal on September 23, 2015. In support of his position, he cites *Commonwealth v. Turner*, 73 A.3d 1283 (Pa. Super. 2013), for the proposition that when direct appeal rights are reinstated nunc pro tunc as a result of P.C.R.A. proceedings, a subsequent P.C.R.A. petition will be considered a first petition for timeliness purposes and the time for filing the subsequent P.C.R.A. petition did not commence until resolution of the direct appeal rights which were reinstated. Defendant claims that under this authority, his second P.C.R.A. Petition is timely.

Although Defendant accurately cites *Commonwealth v. Turner* for the proposition stated, *Turner* is factually distinguishable currently. In *Commonwealth v. Turner*, the petitioner's appellate rights were reinstated in order to pursue a direct appeal from original trial proceedings. Instantly, although it is true that Defendant's appellate rights were reinstated, they were reinstated in the context of an appeal from denial of his first P.C.R.A. Petition rather than a direct appeal from his original conviction. Under these circumstances, *Turner* is inapplicable. Rather, the issue is one of whether Defendant's second Petition is timely where he is alleging ineffectiveness of counsel who was both post-sentence counsel and P.C.R.A. counsel and who opted to pursue P.C.R.A. relief rather than direct appeal. After

7

diligent search, it appears the uniqueness of this procedural posture has escaped appellate review. Nevertheless, a review of general concepts may be helpful.

Unquestionably, under Pennsylvania law, the one year limitation on the filing of petitions under the P.C.R.A. is a jurisdictional rule that precludes consideration of the merits of an untimely P.C.R.A. petition. *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015). Moreover, it is well settled that any petition, including a second or subsequent petition, must be filed within the statutory time period. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013). Against this general backdrop, in *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), our Supreme Court enunciated that attorney abandonment could possibly constitute an unknown fact permitting an untimely petition provided the petition is filed within 60 days of discovery of the abandonment. This precedent, when read together, establishes that the jurisdictional time period for filing of a P.C.R.A. petition is mandatory however attorney abandonment may toll the statutory time period provided the untimely petition is filed within 60 days of discovery of counsel's abandonment.

Instantly, employing a "counsel abandonment" strategy, Defendant alleges abandonment by sentencing counsel. He claims sentencing counsel abandoned him in failing to perfect direct appeal from denial of his first P.C.R.A. Petition. Indeed, this Court found such abandonment by Order dated May 15, 2014; an Order that also reinstated Defendant's rights to appeal denial of his first P.C.R.A. Petition Nunc Pro Tunc. However, despite the factual reality of abandonment, Defendant's efforts to trigger exception to the current untimely filing lacks merit  In order to succeed,

8

defendant must establish that the current filing occurred within 60 days of the abandonment in order to trigger the exception. **Commonwealth v. Bennett**, *supra*. As the current P.C.R.A. Petition was not filed until approximately 23 months later on April 11, 2016, exception to the timeliness requirements on this basis is not appropriate.

Nevertheless, Defendant argues that absent the opportunity to have the issues raised in his second P.C.R.A. Petition currently addressed, the procedural history of this matter has effectively precluded those issues from judicial review. More pointedly, Defendant claims sentencing counsel's strategy in foregoing direct appeal in favor of challenging trial counsel's effectiveness in P.C.R.A. proceedings has precluded him of the ability to challenge trial court error. Additionally, he suggests that due to the lapse of time, sentencing counsel's strategy has also precluded him from challenging sentencing counsel's stewardship in pursuing the strategy.

Although, as previously mentioned, the procedural posture of this matter is unique, similar procedural pattern was recently addressed by the Superior Court in **Commonwealth v. Callahan**, 101 A.3d 118 (Pa. Super. 2014). In **Callahan**, the petitioner sought P.C.R.A. relief on the basis of trial counsel's alleged ineffectiveness for failing to file post-sentence motions, failing to preserve a sufficiency of the evidence claim on appeal, failing to call an alibi witness, and failing to pursue a motion to suppress. *Id.* at 120. P.C.R.A. counsel was appointed and an evidentiary hearing held after which the court reinstated petitioner's right to file post-sentence motions and direct appeal but denied petitioner's claims of trial counsel ineffectiveness related to trial error. *Id.* Instead of filing a post-sentence motion and

9

direct appeal, P.C.R.A. counsel chose to appeal the P.C.R.A. court's denial of the ineffectiveness claims relating to counsel's trial error. *Id.* at 121. On direct appeal to the Superior Court, the P.C.R.A. court's denial of claims related to trial error on the part of counsel was affirmed. *Id.* Appellant thereafter filed a second P.C.R.A. petition alleging P.C.R.A. counsel's ineffectiveness for failing to file post-sentence motions and direct appeal nunc pro tunc. *Id.* Following denial of the second P.C.R.A. petition, the petitioner once again appealed to the Superior Court. *Id.* Before considering the merits of the appeal, the Superior Court dismissed the second P.C.R.A. petition on timeliness grounds. *Id.* at 122. In doing so, the court opined:

> "The plain language of the P.C.R.A. provides that a judgement of sentence becomes final at the conclusion of direct review or when the time for seeking direct review expires. *See* 42 Pa. C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the P.C.R.A. does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the P.C.R.A. statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent."

*Id.* at 122. The *Callahan* Court further noted that the period for filing a P.C.R.A. petition cannot be extended for equitable reasons absent existence of a statutorily enumerated exception. *Id.* at 123. This reasoning is persuasive instantly.

Defendant's judgment of sentence became final on July 2, 2011 when Defendant chose not to file direct appeal with the Superior Court. Defendant's decision to forego direct appeal and pursue relief through P.C.R.A. proceedings is factually indistinct from the decision in *Callahan* to pursue P.C.R.A. proceedings rather than the reinstated rights to file post-sentence motions and direct appeal. As

10

the factual circumstances to which the Superior Court applied its reasoning are substantially similar to those currently before the Court, the result shall likewise be the same.

Even if this Court concluded that Defendant's Petition was timely on equitable grounds, he is still not entitled to relief. The Defendant's claims of trial court error in permitting him to appear at a non-jury trial in prison clothing was not preserved by trial counsel through objection, and Defendant does not currently claim ineffectiveness on the part of trial counsel related to this error. As such, the issue is waived. *See* **Commonwealth v. Tedford**, 960 A.2d 1, 13 (Pa. 2008) (a petitioner raising layered ineffectiveness claim must plead ineffectiveness of all preceding counsel and present argument of ineffectiveness as to each relevant layer of representation). Similarly, Defendant's claims related to falsification in the affidavit of probable cause and failure to file suppression motion relate to trial counsel's, in addition to sentencing counsel's, ineffectiveness. Yet, the current P.C.R.A. Petition does not challenge trial counsel's stewardship. Accordingly, Defendant's failure to plead trial counsel's ineffectiveness in failure to preserve these issues precludes a layered claim against sentencing counsel pursuant to the instruction of **Tedford**.

Defendant's claim that the trial judge erred in failing to recuse himself is frivolous. Pennsylvania law presumes that judges have the ability to determine whether or not they can rule impartially and without prejudice. **Commonwealth v. Kearney**, 92 A.3d 51, 60 (Pa. Super. 2014). As a general rule, a motion for recusal is decided by the judge whose impartiality is being challenged. **Commonwealth v. Abu-Jamal**, 720 A.2d 79, 89 (Pa. 1998). In considering the motion, the judge must

11

conscientiously determine whether his or her ability to assess the case in an impartial manner and free of personal bias or interest can be achieved. *Id.* The judge must also consider whether continued involvement in the case creates an appearance of impropriety or would otherwise tend to undermine public confidence in the judiciary. *Id.* These decisions are personal in nature and unreviewable absent an abuse of discretion. *Id.*

Instantly, Defendant complains this writer was unable to preside fairly over trial because of involvement in pre-trial suppression motions. The irony of Defendant's allegation is that this Court ruled in his favor on the suppression motion. Under this circumstance, the claim, without any support, that this Court was unable to assess evidence in an impartial manner and dispose of issues fairly and without prejudice defies the record. As indicated at the time the Motion to Recuse was made, the Court was able to disregard any information which was suppressed. Defendant has failed to point out any evidence of prejudice or pre-disposition to the contrary. He has also failed to identify any legal support for his position. Conversely, Pennsylvania jurisprudence is unwavering in holding that a judge, as fact-finder, is presumed to disregard inadmissible evidence and consider only admissible evidence. *Commonwealth v. Fears*, 836 A.2d 52, 71 n. 19 (Pa. 2003). Since the Defendant cannot point to any instances of bias or prejudice on the part of the trial judge in his Petition, his claim is meritless.

Defendant's claim that sentencing counsel was ineffective in failing to challenge his waiver of the right to a jury trial is also insufficient to justify relief.

12

Indeed, this precise issue was addressed by the Superior Court when considering his appeal from his first P.C.R.A. Petition. Therein, the Court noted:

> We note that in waiving his right to a jury trial, Van-Arsdale testified that he understood that a jury would be chosen from members of the community, the verdict had to be unanimous, and that he would be allowed to participate in the selection of the jury. *See* N.T., 12/6/10, at 4-5; *see also Commonwealth v. Mallory*, 941 A.2d 686, 696-97 (Pa. 2008) (stating that a valid jury trial waiver requires that a defendant is informed "that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.") (citation omitted). Van-Arsdale also stated that nobody promised him anything in exchange for giving up his jury trial rights, that nobody threatened him, that he spoke with trial counsel about the decision, that he was satisfied with trial counsel's representation, and that he was voluntarily waiving his jury trial rights. *See* N.T., 12/6/10, at 9-10.

*Commonwealth v. Van-Arsdale*, No. 438 MDA 2014 (January 30, 2015). This review by the Superior Court accurately summarizes the record and confirms the lack of any basis for relief had direct appeal raising the issue been filed by sentencing counsel. Since counsel cannot be deemed ineffective for failing to raise a meritless claim, *Commonwealth v. Koehler*, 36 A.3d 121, 144 (Pa. 2012), Defendant's allegation is not a basis for relief.

In his final issue, Defendant claims sentencing counsel was ineffective in failing to challenge his sentence as an abuse of discretion. Appellate authority on this subject teaches that, in the context of a P.C.R.A. petition, the determination of whether a sentence is manifestly excessive can be reached, as a matter of law, upon a review of the record as it already exists. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "...[I]f the P.C.R.A. court can determine from the record that the sentence was not excessive, ..., then there is no underlying merit to the ineffectiveness claim and the claim must fail." *Id.*

13

Instantly, Defendant was convicted of 15 counts of involuntary deviate sexual intercourse with a minor as a felony of the first degree,[1] one count of unlawful contact with a minor as a felony of the first degree,[2] one count of statutory sexual assault as a felony of the second degree,[3] five counts of aggravated indecent statutory assault as felonies of the second degree,[4] one count of corruption of minors as a misdemeanor of the first degree,[5] and two counts of indecent assault as misdemeanors of the second degree.[6] Following Defendant's conviction, the Commonwealth provided notice of its intent to seek mandatory sentences of no less than ten years on each of the 15 felony counts pursuant to law applicable at the time of Defendant's conviction.[7] Independent of the mandatory sentencing sought by the Commonwealth, the Pennsylvania Sentencing Guidelines recommended a standard range for sentencing between 48 months and 66 months for each of the 15 felony/one convictions.[8] Armed with this information as well as a pre-sentence investigation, the Court structured sentencing through a combination of concurrent and consecutive sentences applying a standard guideline range as to each conviction for an aggregate sentence of no less than 14 years and nine months nor more than 30 years. In doing so, the Court noted the need to take into account the

---

[1] 18 Pa. C.S.A. § 3123 (a)(7)
[2] 18 Pa. C.S.A. § 6318(a)(1)
[3] 18 Pa. C.S.A. § 3122.1
[4] 18 Pa. C.S.A. § 3125 (a)(8)
[5] 18 Pa. C.S.A. § 6301(a)(1)
[6] 18 Pa. C.S.A. § 3126 (a)(8)
[7] At the time of sentencing, the Commonwealth proceeded under 42 Pa. C.S.A. § 9718(a)(1) which provided that a conviction for the crime of involuntary deviate sexual intercourse when the victim is less than 16 years of age required a mandatory minimum term of imprisonment of at least ten years. In *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014), the Superior Court determined the section to be unconstitutional pursuant to the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

14

rehabilitative needs of the Defendant, the impact on the victim, and the need for community safety and protection. Nevertheless, the Court exercised restraint in refraining from imposing an overly punitive sentence. For instance, if mandatory sentences were consecutively imposed on each of the 15 felony/one counts, Defendant faced exposure of 150 to 300 years' incarceration. Indeed, at the time of sentencing, the Commonwealth was seeking essentially a life sentence of 20 to 50 years. Taking into account the individual circumstances before the Court, this request was not honored by the sentencing court. Thus, it is clear as a matter of law that the standard guideline range sentences imposed by the Court were neither excessive nor an abuse of discretion. As previously mentioned, since counsel cannot be deemed ineffective for failing to pursue a frivolous issue, the Defendant is not entitled to relief on this claim.

For the foregoing reasons, the attached Order is entered.

BY THE COURT:

MICHAEL A. GEORGE
President Judge

Date filed: March 28, 2017

---

[8] The Defendant's prior record score was zero with offense gravity score of 12 for a conviction of involuntary deviate sexual intercourse.

15